IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA SEIBERT,

        **Plaintiff,**

vs.                                                                                                 No. CIV 01-373 RLP/DJS

**SEARS, ROEBUCK AND CO.,**
**a New York corporation,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING RECONSIDERATION

**THE MATTER** before the Court is Plaintiff's Motion for Reconsideration, filed January 7, 2002. (Docket No. 38). The Court, having considered the briefs of counsel and being otherwise duly advised in the premises, FINDS that the motion is not well taken and will be DENIED.

**Discussion**

Plaintiff contends that she has newly discovered evidence, the report of her economic expert, Brian McDonald, and therefore seeks to set aside the Summary Judgment entered in this matter on December 7, 2001, pursuant to Fed. R. Civ. P 60(b)(2) and (6).

Dr. McDonald was retained by Plaintiff in early October, 2001, to "make a calculation of economic damages." (Docket No. 38, Ex. 2, page 3, line 20 through page 4 line 2 & page 4 lines 20-23). On October 26, 2001, Dr. McDonald prepared a letter report, addressed to Plaintiff's counsel,

disclosing his opinion that Plaintiff had suffered economic loss/impact following an inter-departmental transfer at Sears. (Docket No. 38, Ex. 1). Dr. McDonald was deposed on December 6, 2001, and modified his opinion regarding economic loss downward. (Docket No. 38, Ex. 2). Summary Judgment was entered in this case on December 7, 2001, following full briefing by the parties. (Docket Nos. 26-28, 33, 36). At no time did Plaintiff attempt to bring the report of Dr. McDonald to the Court's attention prior to the entry of Summary Judgment.

Newly discovered evidence is "evidence which by due diligence could not have been discovered in time to move for new trial under Rule 59 (b)." F.R.Civ.P. 60(b)(2). Under F.R.Civ.P. 59(b) a party has 10 days following entry of judgment to seek a new trial. Plaintiff motion fails to meet criteria for relief under F.R.Civ.P. 60(b)(2). The opinions of Dr. McDonald were known to Plaintiff six weeks prior to the Court's entry of Summary Judgment, and therefore can not be considered "newly discovered." **Joseph v. Terminex International Co.**, 17 F. 3d 1282, 1285 (10th Cir. 1994). (One element a party seeking a new trial based on newly discovered evidence must show that the evidence was newly discovered since the trial); **see also Rankin v. Perfection Equipment Co.**, 1998 U.S. App. LEXIS 21418 (10th Cir., filed August 31, 1998) (applying same standard following entry of summary judgment).

Other arguments raised by Plaintiff are merely cumulative to what has been previously presented to the Court, and provide no compelling basis for reconsideration. **Van Skiver v. U. S.**, 952 F. 2d 1241, 1243 (10th Cir. 1991) (revisiting the issues already addressed "is not the purpose of a motion to reconsider," and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed" is inappropriate).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration of the previously entered summary judgment (Doc. No. 38 ) is **DENIED**.

                    Richard L. Puglisi
           United States Magistrate Judge
                (sitting by designation)

Attorneys for Plaintiff:
    Jeffrey A. Dahl
    Lamb, Metzgar, Lines & Dahl, P.A.

Attorneys for Defendant:
    H. Nicole Schamban
    Narvaez Law Firm P.A.